Thank you. Ms. Altman? Yes, Your Honor. You may proceed when you are ready. Could it please the Court? My name is Amanda Altman and I represent the appellate Milton Porter. At issue is whether Mr. Porter's three prior Missouri domestic assault convictions require sufficient force to qualify as crimes of violence for the Armed Career Criminal Statutory Enhancement. In 2008, domestic assault in second degree criminalized attempts to cause unknowingly causing physical injury to a family or household member by any means. Physical injury was defined as physical pain, illness, or impairment of physical condition. In 2017, domestic assault in the second degree changed to exclude attempt and redefined physical injury as being the slight impairment of any function of the body or temporary loss of use of any part of the body. In 2017, domestic assault in the third degree criminalized attempting to cause physical injury or unknowingly causing physical pain or illness. The definition of physical injury was the same as the domestic assault in second degree in 2017, but illness nor physical pain were ever defined. Counsel, excuse me for interrupting, but you can help me I think by explaining to me why you don't think that Delegati is a major obstacle for you. Your Honor, Delegati decided murder necessarily involved the use of force either through an act or a vision. And because murder undoubtedly requires proof of injury and a most egregious form of injury, which is loss of life, but Delegati did not overrule years of finding precedent defining the force needed to qualify as an act of precedent. Assaults are not murder, and therefore you have to look at the force used and the defined injury. And physical force is still defined as violent force, force capable of causing physical injury or pain to another person. And so here the matter is whether the Missouri statutes require sufficient force, and our argument is that consensual sex is insufficient to satisfy that use of force. And so physical injury does include sexually transmitted diseases, and that's specifically stated in the 2008 and the 2017 domestic assaults third degree as illness. However, under the domestic assault second degree statute, where it defines physical injury as the slight impairment of any function of the body, which would also include sexually transmitted diseases. Take gonorrhea. Gonorrhea impedes urination and causes other issues of the genitalia, but also under this definition, bondage could qualify for tying someone up for 15 minutes, a time where a court has previously said that temporary numbness of a limb could occur. And so this numbness is a temporary loss of its range of function, but it is not significantly painful. So we are asking the court to vacate the judgment imposed in this case and remand for resentencing to a statutory and sentencing guideline unenhanced by the act of finding applied in the original sentencing. But at this time, unless the court has any questions, there are two topics I would like to discuss. And the first is whether the argument is precluded by case law. And we've already discussed Dalgadi, but I would like to discuss the other cases that the government had cited in their briefing. And the second is the realistic probability that domestic assault would be charged in this way. And the argument is not precluded by Eighth Circuit precedent. Scott Phillips and Doyle all argue generically that any means did not satisfy the force element. None of these cases specifically make any argument anywhere on the record about causing illness or consensual sex. This is an argument that has not been brought to the court's attention nor been decided. And so we turn then to realistic probability. The starting point for realistic probability is the statute itself. If it is clear on its face that the statute covers non-theoretical or non-fanciful conduct, then realistic probability has been demonstrated. Is that notion still currently available? Since the Supreme Court decided it was a Taylor case that dealt with that? Is that a theory that's viable these days? I know that in all the cases that were cited since day, they still determine whether or not it is non-theoretical and non-fanciful. And if it is on the face of the statute. And I would like to explain why I believe that it is in the face of the statute. In that, while the Missouri court held that spitting at a correctional officer did not rise to the level of violence needed for knowingly committing violence against a correctional officer, the case is relevant. It specifically stated that it did not address whether spitting at a person with the intent to transmit a communicable disease would establish that assault. More importantly, it triggered Missouri legislature to pass a new felony statute for spitting at a correctional officer. In 2005, the crime of endangering a corrections officer under 565.085 was enacted. And this statute made it a felony for an offender to attempt to cause or knowingly cause a CO, visitor, or another offender to come into contact with blood, seminal fluid, urine, feces, or saliva. And it was penalized as a Class D felony. Unless that person was infected by HIV, Hep B, or Hep C. And then it was enhanced to a Class C felony. And this particular provision is relevant, as there is no Missouri statute for endangering the welfare of a family or household member. So the only way that this particular crime could be charged in the context of a domestic partner would be under that domestic assault statute. And 191.677 cannot be the catch-all for the offense conduct. First, Missouri courts have long recognized that when an act violates more than one criminal statute, the government may prosecute under either, so long as it doesn't discriminate against any class of defendants. But more importantly, 191.677 was enacted in 2002. Up until a revision in 2021, the only disease that could be prosecuted under that statute was HIV. And while HIV is the sexually transmitted disease that was used in this example in briefing, as it is believed to be the most serious, there are others that could be prosecuted under the assault statute. 565.085 specifically listed Hep C or Hep B as a basis for an enhancement that could be caused by merely spitting. But consensual sex can lead to various other diseases like chlamydia, genital warts, herpes, gonorrhea, syphilis, to name a few. And for these reasons, we urge the court to find that the Missouri domestic assaults do not require sufficient force to constitute a violent felony under 924.E2.B1 and remand for resentencing. Thank you and I would like to reserve the rest of my time for rebuttal. Thank you, Ms. Altman. Mr. Koester? Yes, thank you, Your Honors, and may it please the court, my name is Jack Koester representing the government. This court has held time and time again that Missouri felony convictions for either attempting the cause or knowingly causing physical injury indisputably qualify as violent felonies under the Armed Career Criminal Act because such convictions necessarily have, as an element, the use, attempted use, or threatened use of physical force against a person of another. Mr. Porter now urges this court to abandon this long line of settled precedent, but he offers no compelling reasons to do so. In fact, the primary contention that he makes in this appeal concerning the intentional spreading of sexually transmitted diseases was negated just several weeks ago by the Supreme Court's ruling in Delegati, which unequivocally confirmed that the concept of force includes causing harm indirectly. And I know my time is limited, I would like to go back to, it all started with the 2010 Johnson case where the Supreme Court defined physical force to mean violent force, that is force capable of causing physical pain or injury to another person. And the Supreme Court gave an illustrative example, a simple slap upon the face would be sufficient. At issue in that case was a Florida battery statute that was ordinarily a misdemeanor. It was elevated to a felony by a recidivist provision. And Justice Scalia pointed out that statute prohibited mere offensive touching, and even a simple tap on the shoulder would suffice to establish a violation of that statute. So that's the line the Supreme Court drew. A slap on the face would suffice, but a tap on the shoulder would not. And then of course Justice Scalia, in a concurring opinion in Castleman, he expanded the illustrative examples to include things such as shoving, grabbing, and pinching. All of those are at least capable of causing physical pain. But I think one of the key cases is Stokely from the Supreme Court where they dealt with robbery. In that case, the Supreme Court fully adopted Justice Scalia's concurring opinion in Castleman. Counsel, why isn't consensual sex analogous to a tap on the shoulder? I get that non-consensual sex would be different, but why isn't consensual sex analogous to a tap on the shoulder versus slapping someone in the face? Well, I think Delegati answers that question. We're looking at the level of harm that it actually causes, and it makes no difference if it's caused indirectly. And in fact, in Delegati, the Supreme Court discussed examples such as administering a poison, or they even mentioned spreading a disease. Now the act of sprinkling the poison into a beverage doesn't involve force, but the resulting harm meets the violent force standard. That's something the Supreme Court made clear just several weeks ago. Is there any difference between acts of commission and acts of omission? I'm sorry. That's what Delegati dealt with as well, the acts of omission. And what we're looking at, if you're intentionally or knowingly causing harm, that's the key inquiry. If you're intentionally or knowingly causing harm, you can do that indirectly. And their hypothetical example that they're giving about consensual sex, that falls squarely within what the Supreme Court was talking about in Delegati. As long as you have the capability or the potential to cause pain through either your direct actions, indirect actions, or omissions, the Supreme Court held that that satisfies the requirement. I'm sorry, Counselor, I didn't mean to step on Judge Strasser's question. I'm sorry about that. But it might be relevant that in common law, if a person, even during consensual sex, infected his or her partner, it was still a battery even though the sex itself was consensual because the doctrine was that the person didn't consent to the impact of the germs. I don't know whether that's relevant in this context or not, but it strikes me as a common law that it might be. I believe that under our analysis, as long as the resulting disease has the potential of causing pain, then it would fall under the meet the violent force standard. I understand. That's what we're dealing with with this particular statute. Even under their hypothetical example, if somebody was prosecuted for intentionally spreading a sexually transmitted disease, I believe that would be a violent felony. Judge Roland, you brought up a point about the realistic probability test and the Taylor decision from the Supreme Court. Post-Taylor, this court decided United States v. Bragg, and that's cited in our brief. But this court explicitly held that Taylor did nothing to overrule this court's realistic probability line of cases. Judge Loken, I believe, was the author of that opinion, and he drew a distinction. He said in Taylor, we were comparing two different federal statutes. But in Duenas-Alvarez, the Supreme Court noted a federalism concern when we're comparing a federal statute against a state statute, as we're doing here. And in that context, with the federalism concerns, it makes sense to consult the state courts to see how they are applying and interpreting the state's own laws. On that point, our Wilkinson case and others, I know that it's been limited. But when the word illness is used in the statute, I don't know how that can't create a realistic probability that spreading a communicable disease that's harmful would be prosecutable. Because the statute says illness. It doesn't take any imagination whatsoever to figure out that is something that's covered by the statute, because the statute says it. Your Honor, I would submit that, well, for two reasons, I believe that argument would fail. First, there's no reason to conclude that illness would fall short of the violent force standard in light of what the Supreme Court just told us in Delegati. We're talking about the requisite level of harm, something capable of causing physical pain. That's a different issue. We're kind of putting that aside or assuming that away with my question. But most illnesses, it connotes at least some degree or possibility of physical pain. You can have stomach pains. You can have headaches. You can have general achiness. So the issue would come down to, does that equate to the level that the Supreme Court has talked about when they gave examples such as grabbing, shoving, and pinching? The requisite level of harm is what we're concerned with. What I'm getting at is not that, but how can it not be a realistic probability when the statute says the spread of an illness? I'm talking about what the statute covers. The statute lists illness as one way in which the statute is satisfied. So no one has to sit around and imagine whether illness would be covered because the statute says it all in plain language. Again, with what the Supreme Court recently instructed in Delegati, if you're intentionally spreading an illness, as long as that illness has the capability of causing pain, then it would meet the violent force standard. I don't think you're understanding the question. I get that. Let's just assume away Delegati. But you are making the argument that when it comes to the force clause, the realistic probability still exists. And I'm saying the realistic probability exists because the statute says it. It says illness. And so I'm just telling you that I don't think that argument gets you anywhere, unless you can tell me otherwise. Just with respect, Judge Strauss, I know my time is limited, but I cited Jones. But I think the key case here would be United States v. Hamilton. I have less than a minute. 2022. At issue was an Iowa assault statute that included not just illness, but mental illness. And the defendant argued, well, he said, well, wait a minute. This crime can be committed by causing mental illness against the victim by placing him in fear through the use of insulting language. And this court held, even under the Wilkinson School of Thought, that argument failed. This court specifically held there must be a non-fanciful, non-theoretical manner to commit the offense without so much as threatened use of force. This court still held that the defendant had to identify cases from Iowa where they applied that statute in the non-generic manner. And that's even assuming Gonzalez v. Wilkinson applies. And I believe that is binding precedent that would foreclose Mr. Porter's claim. I see my time has expired. If there are no additional questions, I thank the court for its consideration. Thank you, Mr. Keister. Mr. Keister, I'm sorry. Ms. Altman? Your Honor, Mr. Keister cited Hamilton as binding precedent. However, that case did fail the realistic probability test. And it was because the court decided that there was no non-fanciful, non-theoretical means to apply that in that sentence. And they didn't know of any cases that would be prosecuted. Under the realistic probability test in this statute, it is fulfilled. Because Missouri has penalized this same action under the correctional officer's statute and under the spread of HIV statute. And so this could be prosecuted because it is specifically listed as an illness, as physical pain and illness, under these statutes. And so it could be prosecuted as it has been prosecuted under other statutes in different circumstances. In addition, Mr. Keister has said that any spread of a communicable disease would cause pain. However, there are sexually transmitted diseases that do not arise to the level of pain. Genital warts does not cause any pain. It does cause disfigurement or the slight impairment of the use. But it's not painful. And so I would... Well, it also increases risks of certain types of cancer and early mortality. That seems like something that is a substantial bodily injury. It is a substantial bodily injury. I will agree with that. But it's not painful. And the definition is violent force, not just physical force. And I believe that's my time. Thank you. I want to thank counsel for your arguments here today. That has been well briefed and well argued. We'll take it under advisement and proceed forthwith. So thank you very much. Thank you. Have a good day. You too.